### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY KRISTEN,<br>on behalf of herself and others similarly<br>situated,<br><br>               Plaintiff,<br><br>     vs.<br><br>CREDENCE RESOURCE<br>MANAGEMENT, LLC,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT -- CLASS ACTION

## INTRODUCTION

1.      Plaintiff  Amy Kristen brings this action to secure redress from unlawful  credit and collection practices engaged in by defendant Credence Resource Management, LLC ("Credence").   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and state law.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated."  *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union,*

*LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## VENUE AND JURISDICTION

7.     This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367.

8.     Venue and personal jurisdiction in this District are proper because:

     a.     Defendant's collection communications and activities impacted plaintiff within this District;

     b.     Defendant sought to collect from plaintiff, located in this District;

     c.     Defendant does or transacts business within this District.

## PARTIES

9.     Plaintiff Amy Kristen is a resident of Du Quoin, Illinois.

10.     Defendant Credence is a Texas limited liability company with offices located at 17000 Dallas Pkwy., Suite 204, Dallas, Texas 75248.   It does business in Illinois.  Its registered agent is (a) Corporation Service Company d/b/a CSC-Lawyers, Inc., 211 E. 7th Street, Suite 320, Austin, Texas 78701 or (b) Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL  62703.

11.     At all times herein relevant, Credence was engaged in the primary business of collection of purportedly delinquent accounts for third parties.

12.     Credence uses the mails and telephone system in conducting its business.

13.     Credence promotes use of on-line payments of debts. Such payment portals are attractive to consumers because they do not have to interact with debt collectors.

14.     At all times herein relevant, Credence was and is a "debt collector" as that term defined by 15 U.S.C. §1692a(6) of the FDCPA.

15.     At all times herein relevant, Credence was a licensed debt collection agency with the Illinois Department of Financial and Professional Regulation.

16.     Credence routinely attempts to collect debts and/or delinquent accounts in the

Southern District of Illinois.

## FACTS

17.     Defendant has been attempting to collect from plaintiff an alleged cell phone debt.

18.     The debt was allegedly in default when defendant first had anything to do with it.

19.     On January 18, 2016, plaintiff accessed the Credence payment web site and paid $6 on the debt by Visa card.

20.     Credence allocated $5 of the payment to a convenience fee.

21.     The Illinois Collection Agency Act, 225 ILCS 425/9(a)(33), makes unlawful "Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement...."

22.     On information and belief, there is no agreement authorizing such a charge.

23.     Defendant represented that it may impose charges which are forbidden by Illinois law, unless plaintiffs chose to provide bank account information to defendant (inherent in paying by check) or incur additional fees (to purchase a money order).

## COUNT I – FDCPA

24.     Plaintiff incorporates paragraphs 1-23.

25.     Defendant violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1) by charging convenience fees.

26.     Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …**

**(2) The false representation of–**

**(A) the character, amount, or legal status of any debt; or**

3

**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt....**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

27.     Section 1692f provides:

**§ 1692f. Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law....**

## CLASS ALLEGATIONS

28.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

29.     Class A consists of (a) all individuals with Illinois addresses, (b) who accessed the payment portal of  defendant Credence (c) at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

30.     Class B consists of (a) all individuals with Illinois addresses, (b) who were charged a convenience fee for credit card or debit card payment by defendant Credence (c) at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

31.     On information and belief, the class is so numerous that joinder of all members is not practicable.

32.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

   a.     Whether defendant's fee is prohibited by Illinois law;

   b.     Whether representing that such fees may be charged violates the FDCPA.

33.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

34.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

35.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.      Individual actions are not economically feasible.

      b.      Members of the class are likely to be unaware of their rights;

      c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

      i.      Statutory damages;

      ii.     Actual damages in favor of plaintiff and all class members charged the fees;

      iii.    Attorney's fees, litigation expenses and costs of suit;

      iv.     Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

36.     Plaintiff incorporates paragraphs 1-23.

37.     Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

38.     Defendant violated the following provisions of 225 ILCS 425/9(a) by charging "convenience fees":

**. . . (24) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

**(30) Misrepresenting the amount of the debt alleged to be owed.**

**(31) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt. . . .**

**(33) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized**

5

**in a subsequent agreement. If a contingency or hourly fee arrangement (i) is established under an agreement between a collection agency and a creditor to collect a debt and (ii) is paid by a debtor pursuant to a contract between the debtor and the creditor, then that fee arrangement does not violate this Section unless the fee is unreasonable. The Department shall determine what constitutes a reasonable collection fee. . . .**

39.     A private right of action exists for violation of the ICAA.  *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

## CLASS ALLEGATIONS

40.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

41.     The class consists of (a) all individuals with Illinois addresses, (b) who were charged a convenience fee for credit card or debit card payment by defendant Credence (c) at any time during a period beginning five years prior to the filing of this action and ending 21 days after the filing of this action.

42.     On information and belief, the class is so numerous that joinder of all members is not practicable.

43.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

        a.      Whether defendant's fee is prohibited by Illinois law;

        b.      Whether charging such fees violates the Illinois Collection Agency Act.

44.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

45.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

46.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.      Individual actions are not economically feasible.

        b.      Members of the class are likely to be unaware of their rights;

6

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

      i.      Compensatory and punitive damages;

     ii.      Costs.

    iii.      Such other and further relief as is appropriate.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

47.      Plaintiff incorporates paragraphs 1-23.

48.      Defendant engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by charging and collecting convenience fees on credit and debit card payments.

49.      The practice is unfair because it is contrary to public policy, as expressed in the Illinois Collection Agency Act, 225 ILCS 425/9(a)(33), and the FDCPA.

50.      The practice is deceptive because defendant represents that the fee is permissible, by charging it, when it is forbidden.

## CLASS ALLEGATIONS

51.      Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

52.      The class consists of (a) all individuals with Illinois addresses, (b) who were charged a convenience fee for credit card or debit card payment by defendant Credence (c) at any time during a period beginning three years prior to the filing of this action and ending 21 days after the filing of this action.

53.      On information and belief, the class is so numerous that joinder of all members is not practicable.

54.      There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a.      Whether defendant's fee is prohibited by Illinois law;

    b.      Whether charging such fees violates the Illinois Consumer Fraud Act.

55.      Plaintiff's claim is typical of the claims of the class members. All are based on

the same factual and legal theories.

56.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

57.     A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.  Individual actions are not economically feasible.

    b.  Members of the class are likely to be unaware of their rights;

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff  and against defendant:

     i.  Compensatory and punitive damages;

     ii.  Attorney's fees, litigation expenses, and costs.

     iii.  An injunction against further violations.

     iv.  Such other and further relief as is appropriate

           s/Daniel A. Edelman
           Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis M. Greene
Sarah M. Barnes
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

Scott Hendricks
ALLEMAN LAW FIRM P.C.
310 East Main Street
Carbondale, Illinois 62901
(618) 319-4408

T:\33498\Pleading\Complaint_Pleading.WPD

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

9

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, computer records, data, documents, and all other tangible things that relate to plaintiff, the use of defendant's payment website, the events described herein,  any third party associated with any telephone call, campaign, account, sale or file associated with  plaintiff, and any account or number or symbol relating to them. These materials are likely very  relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request  that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman